UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OLGA BACHILOVA | : |
| v. | : C.A. No.: 1:19-CV-00174-JJM-LDA |
| THE PRESERVATION SOCIETY | : |
| OF NEWPORT COUNTY | : |

## ANSWER WITH SPECIAL DEFENSES

1. Admitted.

2. Admitted

3. The Defendant neither admits nor denies the legal assertion contained in Paragraph Three (3) but leaves the Plaintiff to her proof thereon.

4. The Defendant neither admits nor denies the legal assertion contained in Paragraph Four (4) but leaves the Plaintiff to her proof thereon.

5. Admitted.

6. Admitted that the Plaintiff was hired as the Preservation Architect.

7. Denied.

8. Admitted.

9. Denied.

1

10.     The Plaintiff is without sufficient information to admit or deny the Plaintiff's assertion of the date when she first met Mr. Daly, and therefore denies the same, leaving the Plaintiff to her proof thereon.

11.     The Defendant admits that Mr. Daly spoke with the Plaintiff and David Oakley, the Lead Carpenter, about PSNC maintenance database.  The Defendant is uncertain of the intended meaning of the Plaintiff's allegation that "the functions of the Plaintiff were limited to the information associated with the pre-determined software".  The Defendant is further uncertain as to the intended meaning of the allegation that a consultant "set up the database in accordance with the direction of the Defendant".  Lastly, the Defendant is uncertain of what the Plaintiff is referring to in asserting that Mr. Daly was "visibly upset" and specifically denies same.  As to each of these nebulous and confusing allegations the Defendant is unable to either admit or deny the truth thereof and thus denies the same leaving the Plaintiff to her proof thereon.

12.     The Defendant denies that Mr. Daly ever directed anger towards the Plaintiff.

13.     Denied as stated.  The Plaintiff admits that Mr. Daly sought input and information from both the Plaintiff and Mr. Oakley as was appropriate and necessary for Mr. Daly to properly perform the duties and responsibilities required of his employment position with the Defendant.

14.     Denied.

15.     The Defendant admits that Mr. Daly mentioned to the Plaintiff that he previously had a Russian girlfriend.  The Defendant denies that Mr. Daly stated to the Plaintiff that he "knows how to deal with Russians".  The Defendant admits, however, that Mr. Daly informed the Plaintiff that he had lived in Russia for over two (2) years and worked with Russians in the past.

16.     Denied.

17.     Denied.

18. The Defendant denies that Mr. Daly imposed any restrictions on the Plaintiff that impeded her ability to perform her work.

19. Admitted, except as to when the Plaintiff began to experience printer problems, which date is unknown to the Defendant.

20. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Twenty (20) of the Plaintiff's Complaint and so denies the same, leaving the Plaintiff to her proof thereon. The Defendant does, however, admit that Mr. Daly authorized the Plaintiff to resolve any problems she was experiencing with her printer in whatever manner she deemed best, whether by way of having her printer repaired or receiving a new printer. However, at the same time Mr. Daly suggested that a decision as to a new printer await the pending move of the Plaintiff's work space in order to best determine how to integrate and locate the printer and whether and what type of team "networked" printer and/or copier would be best suited for its intended use.

21. The Defendant admits that the Plaintiff may not have had sole and exclusive access to a printer after she threw out the printer she had been using but had access to other available printers.

22. Denied.

23. Denied.

24. Denied as stated. The Defendant admits that on more than on occasion Mr. Daly commented that he had lived in Russia and worked with Russians on a regular basis and that he had once had a Russian girlfriend.

25. Denied.

26. The Defendant admits that after Mr. Tabor was hired the Plaintiff was not invited to certain meetings where her presence was not needed.

27. Admitted that Mr. Daly asked the Plaintiff to pack up her office before her scheduled vacation because the move to the new location was to take place when the Plaintiff was on her vacation.

28. The Defendant admits to the referenced meeting on or about April 18, 2018. The Defendant incorporates herein its answer to Paragraph Twenty-Four (24) of the Plaintiff's Complaint, which discusses the April 16, 2008 meeting. The Defendant further admits that Ms. Corey did not reprimand Mr. Daly nor did she take any remedial measures in response to anything that Mr. Daly said at this meeting. Moreover, the Plaintiff acted in an unprofessional and disparaging manner directed to her supervisor, Mr. Daly, during this meeting. Furthermore, the Defendant denies that the Plaintiff became overwhelmed and started to cry in response to Mr. Daly making the alleged comments.

29. The Defendant denies that Mr. Daly made any false accusations against the Plaintiff.

30. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph Thirty (30) of the Complaint, since the Defendant does not know what the Plaintiff is referring to when making allegations about "a project or work-related idea".

31. Denied. When the Plaintiff complained about poor internet and telephone connections following her move to her new office space, which she selected in the apartment at Chepstow (which was the most desirable office of all), Mr. Daly promptly contacted the Defendant's Information Technology Manager and asked that he address the Plaintiff's concerns.

32. The Defendant admits that for a short time Mr. Daly as unable to provide the Plaintiff with a subscription key for her AutoCAD because at the time Mr. Daly attempting to secure

subscription licensing at no cost to the Defendant, which Mr. Daly was ultimately able to accomplish.

33. Denied, except that Mr. Daly did truthfully state that the Plaintiff was being uncooperative, unprofessional, insubordinate, hostile, angry, and engaged in temper tantrums and tirades.

34. Denied.

35. The Defendant is without sufficient information and belief to admit or deny the Plaintiff's assertion to contact the City of Newport regarding a permit application fee to replace the library roof of the Breakers Mansion and leaves the Plaintiff to her proof thereon.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted. The Plaintiff commenced a medical leave of absence pursuant to the Family Medical Leave Act on or about Monday, July 9, 2018.

41. The Defendant is unable to admit or deny the allegations contained in Paragraph Forty-One (41) of the Complaint, and thus denies the same, leaving the Plaintiff to her proof thereon.

42. Admitted. The Plaintiff's employment was terminated after she failed to return from her FMLA leave on or about October 7, 2018.

43. No response required.

## COUNT ONE

## UNLAWFUL DISCRIMINATION – R.I.G.L. §42-112-1 et seq.

44. Denied.

## COUNT TWO

## UNLAWFUL DISCRIMINATION – R.I.G.L. §28-50-1 et seq.

45. Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by her failure to exhaust administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the Plaintiff's unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part by the Plaintiff's failure to mitigate damages.

WHEREFORE, the Defendant demands judgment against the Plaintiff denying and dismissing her claims, together with costs of suit, attorney's fees, and such other relief as this Court deems appropriate and just.

Respectfully submitted,

*s/s Thomas J. McAndrew*_____
Thomas J. McAndrew
R.I. Bar No. 1001
One Turks Head Place, Suite 205
Providence, RI 02903
P: (401) 455-0350
F: (401) 455-0882
tmcandrew@tjmcandrewlaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2019 I filed mailed the within document to the

following parties or counsel of record:

V. Edward Formisano, Esquire
Formisano & Company, Inc.
100 Midway Place, Suite 1
Cranston, RI 02920

*s/s Taylor P. Poirier* _____